Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5757 | **DATE** | 8/1/2012 |
| **CASE TITLE** | Yolanda Lagunas vs. HMS Host, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for appointment of counsel [4] is denied. The court notes that Plaintiff also filed an *in forma pauperis* application form [3] in this case, apparently in support of her motion for appointment of counsel. To the extent that the *in forma pauperis* application stands as a separate motion for leave to proceed *in forma pauperis* [3], it is denied as moot, since Lagunas has already paid the filing fee in this action. Initial status hearing set for 09/25/12 at 9:00 a.m. At least four working days before the initial status hearing, the parties shall conduct a FRCP 26(f) conference and file a joint written Initial Status Report, not to exceed five pages in length, and file the Court's Joint Jurisdictional Status Report and deliver courtesy copies to this Court's Courtroom Deputy in Room 1908. The Court's standing orders on the Initial Status Report and Joint Jurisdictional Status Report maybe obtained from Judge Der-Yeghiayan's web page or from this Court's Courtroom Deputy. Plaintiff is warned that failure to serve summons and complaint on Defendants will result in a dismissal of the action and/or a dismissal of that Defendant not properly served pursuant to FRCP 4. Plaintiff is further directed to file with the Clerk of Court, the appropriate returns of service and/or waivers of service. Plaintiff is further warned that failure to appear on a Court's noticed hearing may result in the dismissal of the action for want of prosecution pursuant to Local Rule 41.1.

■ [ For further details see text below.]    Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Yolanda Lagunas' (Lagunas) motion for appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular

| STATEMENT |
|---|

plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Lagunas has not shown that this case is overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Lagunas' ability to coherently present her case as a layperson and her ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, Lagunas is competent to present her case at this juncture without the assistance of appointed counsel. Therefore, an appointment of counsel is not warranted at this juncture, and the motion for appointment of counsel is denied.

The court notes that Lagunas also filed an *in forma pauperis* application form in this case, apparently in support of her motion for appointment of counsel. To the extent that the *in forma pauperis* application stands as a separate motion for leave to proceed *in forma pauperis*, it is denied as moot, since Lagunas has already paid the filing fee in this action.